Ronald A. Offret
Attorney for Defendant Gerald Drew
AGLIETTI, OFFRET & WOOFTER
733 West 4th Avenue, Suite 206
Anchorage, Alaska 99501
(907) 279-8657 – Telephone
(907) 279-5534 - Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br><br>JUANITA HARRIS and<br>GERALD DREW,<br>    Defendants. | )<br>)<br>) No. 3:06-CR-00061 RRB<br>)<br>) <u>DEFENDANT DREW'S</u><br>) <u>REPLY TO OPPOSITION</u><br>) <u>TO MOTION TO SUPPRESS</u><br>)<br>) |

COMES NOW Defendant GERALD DREW, through counsel, and replies to the Government's Opposition (Doc. No. 40) to Defendant Drew's motion to suppress evidence (Doc. No. 33).

The Government's opposition to Defendant's motion to suppress challenges (1) Defendant's standing to challenge a search warrant of the residence at 10270 Tartan Circle, Anchorage Alaska (3ANS-06-607 SW, Ex. "C" to Defendant's motion to suppress), and (2) Defendant's standing to challenge a search of the 2002 Durango (Search Warrant 3:06-MJ-00159, Ex. "D" to Defendant's motion to suppress).

### DEFENDANT DREW HAS STANDING TO CHALLENGE THE SEARCH WARRANT FOR 10270 TARTAN CIRCLE

Defendant Drew lived at 10270 Tartan Circle in Anchorage, Alaska. He had an

Aglietti, Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 1 of 7

expectation of privacy. Anchorage Police Officer Dorr, or anyone else with access to a computer, could, within 2 or 3 keystrokes, find that the property at 10270 Tartan Circle, Anchorage, Alaska, was at all times owned by Yong H. Drew. Yong H. Drew is Defendant Gerald Drew's mother. As set forth in the Affidavit of Counsel R.A.Offret and as attached are Anchorage property records showing that Yong H. Drew owns the property, shows a map of the location of the property and shows a GCI notice, a Chugach Electric notice, an Enstar Gas notice and an ACS notice to the same address all in the name of Yong H. Drew.

APD Officer Dorr had run the license plate of Defendant Harris' Tahoe (Ex."A", 3AN-S06-530, ¶8, on page 4 of 6). In doing so APD Officer Dorr found the address for Defendant Harris was different than 10270 Tartan Circle, but yet failed to disclose to the Magistrate that the property at 10270 Tartan Circle was not the same as that listed on Defendant Harris' vehicle registration.

Further, in Ex. "D", 3AN-S06-607 SW at ¶10, page 6 of 11, APD Officer Dorr states;

**"Observation at the premises make me suspect that in addition to J. Harris, at least two adults and two children reside there."**

Yet APD Officer Dorr makes no effort to identify any other adults who he believes reside at that location.

Defendant Drew's standing to seek suppression of the evidence taken from his residence cannot be denied because of APD Officer Dorr's failure to sufficiently investigate the ownership or occupancy of the residence and that Drew resided at that location.

### DEFENDANT DREW HAS STANDING TO CHALLENGE THE SEARCH WARRANT FOR THE DURANGO

Aglietti ,Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Exhibit "D", SW 3:06-MJ-00159 at ¶15 indicates that, prior to his arrest, Defendant Drew drove the Dodge Durango to the location where it was seized, i.e. the Fred Meyer parking lot. When Drew was arrested he had the keys to the Dodge Durango. Defendant Drew had possession of the Durango, he had the keys and he had the means of operation of the Durango. These possessory interests give him standing to challenge the validity of the search warrant issued for that Durango.

### THERE WAS NO PROBABLE CAUSE TO ISSUE SEARCH WARRANT 3ANS-06-607 FOR 10270 TARTAN CIRCLE, ANCHORAGE, ALASKA

The United States Constitution requires that a search warrant be issued only after a showing of probable cause. This legal requirement is important because it prevents the police from hasty, ill advised, or unreasonable actions in ferreting out crime. *Keller,* 543 P.2d at 1219 (Alaska); quoting *Johnson v. United States,* 333 U.S. 10, 14 (1948).

A warrant can only be issued when probable cause is shown to be based upon reliable information of sufficient detail that criminal activity or evidence of criminal activity will be found in the place to be searched. This requires that a nexus be shown between the place to be searched and evidence of the criminal activity. This nexus requirement is important in any assessment of whether the requisite probable cause exists.

The *4th Amendment* authorizes the issuance of a search warrant only upon a showing of probable cause to believe (1) an offense has been committed and (2) that evidence of that offense can be found at the place to be searched (*see generally Warden, Maryland Penitentiary v. Hayden* 387 U.S. 294 (1967)).

There must be "a fair probability that contraband or evidence of a crime will be found

Aglietti, Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 3 of 7

in a specific place". *Illinois v. Gates,* 462 U.S. 213, 238 (1983).

There are 4 affidavits filed in the application for search warrants.[1] In the first 2 applications, APD Officer Dorr sets forth several drug transactions involving Defendant Harris. Those drug transactions were never traced, followed or connected to the residence at 10270 Tartan Circle. In fact, APD Officer Dorr's affidavits show only that on five (5) occasions, over the period from May 3 to May 18, 2006, the vehicle operated by Defendant Harris was seen at the 10270 Tartan Circle residence.

Those times were:

May 3  2006 @11:35 PM
May 6  2006 @ 7:56 PM
May 9  2006 @ 11:50 AM
May 13 2006 @ 11:30 PM
May 17 2006 @ 1:10 AM

APD Officer Dorr's affidavit only identifies Harris as being seen leaving that residence on one occasion and then seen arriving on one other occasion. Otherwise, it was only Harris' vehicle that was seen at that location.

When APD Officer Dorr ran the registration for the Tahoe and found it belonged to Harris, he knew Harris' address to be different from 10270 Tartan Circle, but failed to advise the issuing magistrate as to that fact.

Further, APD Officer Dorr failed to do even the most basic investigation in terms of

---

[1]  3ANS-06-530 SW, May 1, 2006 Ex. A
3ANS-06-603 SW, May 16, 2006 Ex. B
3ANS-06-607 SW, May 17, 2006 Ex. C
3:06-mj-150 , July 31, 2006 Ex. D

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 4 of 7

Aglietti, Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

ownership of the residence at 10270 Tartan Circle. (See affidavit of R.A.Offret at to ownership of the residence.)

There is no nexus between 10270 Tartan Circle and the drug deals recorded by APD Officer Dorr. Defendant Harris was never followed to or from the location either before or after any of these drug deals. In fact, the closest in time which APD Officer Dorr can put to a transaction and the Harris' vehicle being at 10270 Tartan Circle is 4 hours when on May 3, 2006 a sale occurred at 7:24 p.m. and at 11:35 p.m., some 4 hours later, APD Officer Dorr sees Harris' Tahoe in front of the residence (See Exhibit C, page 5 if 11, Par. #7).

There is no nexus between the drugs and this residence. It is only a coincidental connection. Harris could have been at a Church, School, PTA meeting or some other social gathering on 5 occasions which would not create any nexus of criminal activity.

### THERE WAS NO PROBABLE CAUSE TO ISSUE SEARCH WARRANT No. 3:06-MJ-0159 FOR THE 2001 DODGE DURANGO

A review of the affidavit filed for application for the above search warrant for the Dodge Durango shows that there was no probable cause its issuance.

Paragraphs 12 through 17 of the affidavit are the facts as presented to the Magistrate.

Paragraph 12 only discusses the fact that the Defendant was indicted. The indictment itself is not evidence of guilt of the Defendant and that fact does not establish probable cause to search the vehicle.

Paragraph 13 of the search warrant indicates the location of Defendant Drew's arrest. A search of his person revealed crack cocaine. Also found was a set of keys with the placquard "Silver 2002 Dodge Durango" written on the item indicating a connection between

Aglietti ,Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 5 of 7

those keys and the silver Dodge Durango.

Defendant Drew admitted the keys were for the Dodge Durango he drove to the Fred Meyer store.

In paragraph 15, Defendant Drew also says the vehicle contained a firearm. However, in Alaska, having a firearm is not a crime and having a firearm in a parked vehicle at the Fred Meyer parking lot is not evidence of a crime. It does not give rise to probable cause for issuance of a search warrant.

Paragraph 16 contains a statement by APD Officer Carol Stevens that when she got into the vehicle and drove it to the storage facility, she smelled a strong odor of marijuana. The entry by Stevens into the vehicle was illegal. This illegal entry and "search" must be disregarded in determining whether probable cause exists for issuance of the search warrant.

The fact a gun might be in a vehicle does not give APD the right to search the vehicle. A tow truck can be brought to the scene and the vehicle removed to protect the public or anyone else from entering the vehicle until a search warrant can be obtained.

A review of the five factual paragraphs in the application for a search warrant of the Durango do not establish probable cause to believe a crime has been committed nor that evidence of a crime would be located in that vehicle. Accordingly, the affidavit fails to establish probable cause for the search warrant to have been issued.

## CONCLUSION

Defendant Drew has standing to challenge both 1.) the search warrant for the residence at 10270 Tartan Circle where he lived, paid rent, paid the utilities, and where he

Aglietti, Offret
& Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 6 of 7

had an expectation of privacy and 2.) standing to challenge the search of the Dodge Durango.

There is no probable cause for the issuance of either the search warrant for the residence, nor for the Durango.

There is no nexus between the criminal activity alleged; i.e. the sale of cocaine and the residence. The closest that the APD Officer Dorr gets in his affidavit is a sale of cocaine and 4 hours later the vehicle of the person making the sale is seen at that residence. Defendant Harris could have gone to a church, a PTA meeting or some other social event or location which she frequented and there would be no probable cause nexus or connection with respect to those places or entities. Similarly there is not nexus between these sales and the residence at 10270 Tartan Circle, Anchorage, Alaska.

Dated this 26th day of September 2006, at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER

Ronald A. Offret, 7410096
CJA Counsel to Defendant Gerald Drew
733 West 4th Ave., Suite 206
Anchorage, Alaska 99501
(907) 279-8657

Aglietti, Offret & Woofter

733 W 4th Avenue
Suite 206
Anchorage, Alaska
99501

(907) 279-8657
FAX 279-5534

Reply Memo
USA v. Harris/Drew
3:06-CR-61 RRB
Page 7 of 7