Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JUANITA MICHELLE HARRIS,<br><br>　　　　Defendant. | NO. 3:06-cr-00061-01-RRB<br><br>**SUPPLEMENTAL OFFER OF PROOF RE: FRANKS HEARING REQUEST** |

　　　　Juanita Harris submits this supplemental offer of proof regarding her request for a *Franks* hearing in connection with the joinder in motion to suppress evidence derived from search warrant no. 3ANS-06-607-SW filed at Docket No. 37.

### The *Franks* Hearing Standard

　　　　The *Franks* hearing standard has existed since 1978. It provides that an evidentiary hearing is required whenever a defendant makes a substantial showing that a supporting affidavit fails to support a probable cause finding when the omitted information is added to the

calculus. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), *amended*, 769 F.2d 1410 (9th Cir. 1985).

Ms. Harris respectfully submits that failure to include information in the affidavit suggesting a different residential address unfairly and fatally diluted the probable cause finding in this case. To allow an issuing magistrate to be mislead by material omissions from a search warrant affidavit unfairly corrodes the probable cause standard required by the Fourth Amendment.

> By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in this manner could denude the probable cause requirement of all real meaning.
>
> Clear proof of deliberate or reckless omissions is not required. Such proof is reserved for the evidentiary hearing. At this stage, all that is required is that the defendant make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.

*Id.* at 781, *cited with approval*, *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

In the present case, Ms. Harris respectfully submits that material omissions from the supporting affidavit defeated the probable cause determination supporting Search Warrant 3ANS-06-607.

**Supplemental Offer of Proof**

In support of her *Franks* hearing request, Ms. Harris makes the following offer of proof which she alleges represented material omissions that fatally diluted the probable cause finding reached by the issuing magistrate:

- In mid-March the law enforcement team involved in this case obtained a copy of Ms. Harris's Alaska Operator's License for

- the purpose of conducting a photo line up. *See* Exhibit A, pg. 4, ¶ 3;

- This operator's license indicates that Ms. Harris's address is 8871 Cordell Circle, # 2, Anchorage, Alaska 99502;

- On May 3, 2006, the law enforcement team involved in this case observed Ms. Harris conduct a cocaine base sale from a 1999 Chevrolet Tahoe with Alaska License Plate Number EJT-630; *See* Exhibit A, pg. 5, ¶ 7;

- On information and belief, the law enforcement team "ran" this license plate number and determined that the 1999 Chevrolet Tahoe was registered to Ms. Harris and that her mailing and residential address is 8871 Cordell Circle, # 2, Anchorage, Alaska 99502; *See* Docket No. 42 (Notice of Filing by Ms. Drew with attached printout from Alaska DMV);

- On May 3, 2006, the law enforcement team involved in this case observed Ms. Harris leave 10270 Tartan Circle at 11:35 p.m. and that the Chevrolet Tahoe with Alaska License Plate Number EJT-630 was seen parked at or near 10270 Tartan Circle on a number of occasions over the next 15 days;

- On information and belief, the law enforcement team involved in this case investigated the residence at 10270 Tartan Circle and determined that it was owned by Yong H. Drew;

- On information and belief, the law enforcement team involved in this case investigated the residence at 10270 Tartan Circle and determined that utility bills associated with this residence were in the name of Yong H. Drew.

The supporting affidavit omitted all of these facts.

DATED at Anchorage, Alaska this 2nd day of October 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on October 2, 2006,
a copy of the *Supplemental Offer of Proof re Franks Hearing Request*
was served electronically on:

Frank Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

Ronald A. Offret, Esq.
Counsel for Defendant Gerald H. Drew
1029 West Third Avenue, Suite 280
Anchorage, AK 99501


s/Kevin F. McCoy