Ronald A. Offret
AGLIETTI, OFFRET & WOOFTER
733 West 4th Avenue, Suite 206
Anchorage, Alaska 99501
(907) 279-8657 – Telephone
(907) 279-5534 – Fax
Attorney for Defendant Gerald Drew

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>JUANITA HARRIS and<br>GERALD DREW,<br><br>　　　　Defendants. | No. 3:06-cr-00061 RRB<br><br>OBJECTION TO PROPOSED<br>RECOMMENDATIONS RE<br>MOTION TO SUPPRESS<br>[Docket 49] |

COMES NOW DEFENDANT GERALD DREW, through counsel and files his objection to the recommendations made by Magistrate Judge Roberts [Docket #49].

Defendant Drew filed a motion to suppress evidence obtained from a search of his residence at 10270 Tartan Circle, Anchorage, Alaska, and a search of his 2001 Dodge Durango.

## There was Insufficient Probable Cause for the Issuance of the Search Warrant.

The search warrant [3AN-S06-607] for the Tartan Circle residence was supported by the Affidavit of G.K. Dorr [Ex. "C" to Defendant Drew's Motion to Suppress].

G.K. Dorr is a police officer for the Anchorage Police Department. His affidavit sets forth three (3) controlled buys of narcotics from Defendant Harris during the period May 3 – 16, 2006, and her use of a 1999 Chevrolet Tahoe [EJT 630].

Dorr's affidavit states that during that time period, Harris' Tahoe was seen at the Tartan Circle address at the following times and dates:

> May 6, 2006 at 7:56 PM
> May 9, 2006 at 11:50 AM
> May 13, 2006 at 11:30 PM
> May 17, 2006 at 1:10 AM

Harris herself was only seen at this location on two occasions, once leaving that address, and once driving up to that address. Nowhere in Dorr's affidavit does he assert that Harris lives or resides at that address, but only that she was "staying there."

The Magistrate Judge's report and recommendation goes to some length to set out the experience of Officer Dorr with respect to people who engage in criminal activity. His affidavit states that documents and other evidence of drug transactions are "often kept in the <u>residence</u> of people involved in these activities . . . . " [Dorr Affidavit, ¶10, emphasis added].

Noticeably Officer Dorr meticulously avoids calling the Tartan Circle address the <u>residence</u> of Harris. He alludes only to the fact that she and her vehicle were seen there.

The closest time in which Officer Dorr can put to a transaction and the Harris vehicle being at the Tartan Circle location is a full four (4) hours later. On May 3, 2006 a sale occurred at 7:24 p.m. and at 11:35 p.m., some four (4) hours later, Officer Dorr saw Harris' Tahoe in front of that location [see Ex. "C", pg. 5, ¶7].

Officer Dorr's affidavit and investigation are woefully lacking. In none of the sales was Harris or her vehicle ever observed leaving the Tartan Circle address before a drug sale. To the contrary, at one point in Officer Dorr's affidavit, when the CS refused to buy "powder" from Harris because he had specified "hard" cocaine, Harris left and went to a "<u>residential address</u>" for a brief visit, and then to a restaurant before returning to the CS to complete the sell. This "residential address" to which Harris went was not the Tartan Circle address, but some other location; hence indicating that her source of cocaine was not the Tartan Circle location.

Accordingly, the only nexus which Officer Dorr makes between Harris and the Tartan Circle address is seeing her vehicle there on several occasions and seeing her there twice. This is not sufficient probable cause for the issuance of a search warrant. There is no nexus between the Tartan Circle residence and Harris' sale of cocaine.

## A *FRANKS*[1] hearing was necessary to show Officer Door Omitted material facts from his Affidavit given to the Magistrate.

As the facts started to unfold in preparation of the motion to suppress, it became apparent that Officer Dorr had omitted some very important material facts from his affidavit. The omission of these facts seriously jeopardizes the probable cause for issuance of any warrant to search the Tartan Circle address. As soon as these omissions became apparent and provable, Defendant Drew filed a request for a *Franks* hearing. [Docket #43]. This request was filed on September 27, 2006 at 10:26 a.m. being the morning of the scheduled evidentiary hearing on the motion to suppress scheduled for that afternoon.

Magistrate Judge Roberts denied Defendants Drew and Harris' requests for a *Franks* hearing, stating it was filed late, after the motion's deadline, and, even though there was no showing (nor could there be a showing) of prejudice to the Government for holding such a hearing MJ Roberts refused to allow any such hearing.

Defendant Drew then made an offer of proof that at a *Franks* hearing he would show that Officer Dorr actually knew 1) the Tartan Circle address was the residence of Gerald Drew and not that of Harris, and 2) in anticipation of execution of the search warrant on May 18, 2006, Officer Dorr knew there was an outstanding arrest warrant for Gerald Drew on another unrelated case (State Case No. 3AN-06-2404 CR) and arranged to have an APD Officer there to arrest Drew on that arrest warrant at the same time that Officer Dorr was executing the search warrant.

---

[1] *Franks v. Delaware,* 438 US 154 (1978)
USA v. Drew 3:06-cr-00061 RRB
Objection to Recommendation
Page 4 of 8

The arrest warrant in State Case No. 3AN-06-2404 CR listed 10270 Tartan Circle as Drew's address.

The reason Officer Door omitted mention to the Magistrate that 10270 Tartan was the residence of Gerald Drew was because there is no connection shown in Dorr's affidavit between Drew (this being Drew's residence) and any criminal activity. Officer Dorr's affidavit only show Harris, at most, was an overnight visitor/guest of Drew.

These were purposeful omissions by Officer Dorr because any mention or hint of 10270 Tartan Circle being Drew's residence would have caused the issuing Magistrate to question the issuing a search warrant for Drew's residence when no evidence or facts had been shown connected him to criminal activity. There would have been not nexus shown between Drew and any criminal activity.

## There is no good faith exception for issuance of the Search Warrant for 10270 Tartan Circle.

Because the Government argued and the Magistrate Judge agreed that a good faith exception existed so the officers had a right to rely upon the issuance of the search warrant, even if the issuing Magistrate had erred in finding probable cause.

However, since the issuing Magistrate would have erred in finding probable cause based upon the purposeful omission of facts by the requesting officer; i.e. Officer Dorr, there cannot be any reliance upon the good faith exception in this instance because Officer Dorr was not acting in good faith, but had purposefully created the error himself.

Good faith reliance would exist only when the officers did not cause the problem giving rise to an improperly issued warrant.

In this instance, Officer Dorr was responsible for the material omission of facts which were not given to the Magistrate. A good faith exception does not apply to an officer when he, in fact, is the cause of the problem.

### Legal Discussion

The *4th Amendment to the Constitution* protects against unreasonable searches. Generally, a search conducted by a search warrant is reasonable. However, there has to be a probable cause nexus between the alleged crime and the location where evidence of that crime is expected to be.

In this instance, Defendant Drew asserts there is **no probable cause nexus** the alleged crime and 1270 Tartan Circle. Any probable cause analysis from the facts as set forth in Officer Dorr's affidavit is considerably diluted when viewed in light of the material facts he omitted from his affidavit.

Materially omitted facts from an affidavit are similar to false statements of fact in an affidavit.

When a preliminary showing of these omitted facts and/or false statements are made, a *Franks* Hearing is warranted to determine whether probable cause exists to show whether a nexus exists between the commission of a crime and the location of potential evidence of that crime.

A criminal defendant is entitled to a hearing and should be given the opportunity to attack the search warrant if it is obtained using intentional or reckless false statements in the affidavit. *Franks v. Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

To be entitled to a **Franks hearing,** the defendant must make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.

In this instance, when viewed after adding the omitted facts there is an insufficient showing of any nexus between Defendant Harris' conduct and the Tartan Circle residence.

Based on the offers of proof of both Defendants Drew and Harris, the Court was under an obligation to conduct a *Franks* hearing, whether or not the request was made late, especially in light of the failure of prejudice on behalf of the Government.

Accordingly, the Magistrate's recommendation should be disapproved and the matter sent back with directions to conduct a *Franks* hearing for the purpose of determining whether officer Dorr failed to advise the Court of material facts which were knowingly omitted from his affidavit and whether or not in light of those new facts, probable cause would exist for issuance of a search warrant.

Dated at Anchorage, Alaska this 13th day of October 2006.

AGLIETTI OFFRET & WOOFTER
Attorneys for Gerald Drew

Ronald A. Offret #7410096
733 West 4th Ave., Suite 206
Anchorage, Alaska 99501
(907) 279-8657

Certification
I certify that on 10/13/2006
A copy of the foregoing document
Was served electronically on:

USA v. Drew 3:06-cr-00061 RRB
Objection to Recommendation
Page 7 of 8

Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7th Avenue #9 Rm. 253
Anchorage AK 99513-7567


Assistant Federal Defender
601 W. 5th Avenue #800
Anchorage AK 99501

_____
Ronald A. Offret




USA v. Drew 3:06-cr-00061 RRB
Objection to Recommendation
Page 8 of 8