IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. 3:06-cr-061-RRB |
| ) | |
| Plaintiff,    ) | **PRELIMINARY ORDER OF** |
| ) | **FORFEITURE** |
| v.    ) | |
| ) | |
| GERALD H. DREW (D-2),    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

Pursuant to Federal Rule of Criminal Procedure 32.2(b) and based upon defendant GERALD H. DREW's December 1, 2006 guilty pleas to Counts 1, 2, 5, and 7, and agreed to Criminal Forfeiture Counts 8 and 9 of the Indictment issued in this case, and pursuant to both the Plea Agreement and Counts 8 and 9 (Criminal Forfeiture), and the Court's acceptance of the defendant's guilty pleas, the Court found as follows:

A. The defendant's interest, if any, in the $1,690.00 IN UNITED STATES CURRENCY, described in Count 9, is property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation, to which the defendant has pled guilty and been convicted, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, thereby rendering said currency subject to forfeiture under 21 U.S.C. § 853(a)(1) and (2); and

B. The defendant's interest, if any, in the following eight firearms, described in Count 8, is property constituting firearms or ammunition involved in or used in the commission of such violation, thereby rendering said property subject to forfeiture under 18

U.S.C. § 924(d)(1):

1. SMITH & WESSON .357 CALIBER REVOLVER, SERIAL NUMBER ABW5340;

2. RUGER .357 CALIBER REVOLVER, SERIAL NUMBER 153-73900;

3. RUGER .223 CALIBER SEMI-AUTOMATIC RIFLE, SERIAL NUMBER 182-67378;

4. NORINCO MAK 90 SPORTER 7.62x39MM SEMI-AUTOMATIC RIFLE, SERIAL NUMBER 9375200;

5. HI-POINT 9MM PISTOL, SERIAL NUMBER B-14685;

6. RAVEN ARMS .25 CALIBER PISTOL, SERIAL NUMBER 820103;

7. RUGER P95 9MM SEMI-AUTOMATIC PISTOL, SERIAL NUMBER 313-07578; and

8. WINCHESTER 12-GAUGE SHOTGUN, SERIAL NUMBER L1912914.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The currency described in Count 9 of the Indictment is hereby condemned and forfeited to the United States of America pursuant to 21 U.S.C. § 853, and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said currency.

The eight firearms described in Count 8 of the Indictment are hereby condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 924, and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said firearms.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the United States Marshals Service is authorized to seize and take possession of the aforementioned currency and

firearms and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said currency and firearms; and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Marshals Service shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the currency and firearms in such manner as the Attorney General may direct.  The notice shall be published once in each of three consecutive weeks in the Anchorage Daily News or any other appropriate newspaper of general circulation.  The notice shall state that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property.  The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the currency or firearms that are the subject of this Preliminary Order of Forfeiture.  Upon

adjudication of all third-party interests, this Court shall enter a final order of forfeiture in which all interests will be addressed.

    DATED:_____

                                      _____
                                      HON. RALPH R. BEISTLINE
                                      United States District Court