NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:06-cr-00061-02-RRB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | UNITED STATES SENTENCING |
| GERALD H. DREW, ) | MEMORANDUM |
| ) | |
| Defendant. ) | |
| ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **138 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. Neither party has disputed the factual findings of the USPO.

## I.    BACKGROUND

### A.    Investigation and Arrest of the Defendant[1]

In January 2005, investigators with the Drug Enforcement Administration began working with a confidential source (the "CS") regarding the cocaine trafficking activities of Lisa Harris, among others. The CS was providing information in the hopes of receiving consideration for potential state drug charges. On March 14, 2006, the CS purchased approximately 12 grams of cocaine base from Lisa Harris, whose source for the purchase was identified as Juanita M. Harris. The CS advised Anchorage Police Detective Gordon Dorr that the CS could buy cocaine directly from the Juanita Harris; Detective Dorr began an investigation of Juanita Harris.

On May 3, 2006, the defendant, Gerald H. Drew, was identified as Juanita Harris's source of supply. On that day, the CS arranged to purchase crack cocaine from Harris in a parking lot in Anchorage. Harris arrived driving a 1999 Chevrolet

---

[1] The facts set forth herein are taken from the PSR as well as evidentiary hearings held in this case.

Tahoe, with a small child in a passenger seat.  Harris attempted to give the CS powdered cocaine, which the CS refused; Harris then offered to get the CS crack cocaine in 15 minutes.  Harris drove away, and investigators ultimately followed the defendant to a Fred Meyer's parking lot in Anchorage, where the CS met with the defendant Gerald Drew.  After meeting with Drew, the Harris rejoined the CS and sold the CS 12.8 grams of crack cocaine.

On May 11 and 17, 2006, the CS made controlled purchases cocaine powder weighing 15.2 grams and 12.8 grams, respectively. On May 18, 2006, investigators executed a search warrant on 10270 Tartan Circle, where both Drew and Harris were believed to be staying.   Both Drew and the defendant were inside the Tartan Circle residence.  Police recovered multiple firearms all over the residence.  Cocaine, ecstasy, money, and drug paraphernalia were found in the house.  Most troubling, amidst the drugs, paraphernalia, and arsenal of weapons, investigators observed room that appeared to be a child's playroom in the house, complete with a wooden toy machine gun.

The defendant was arrested on July 27, 2006.  Not surprisingly, there was another firearm in his vehicle as well as crack cocaine and cocaine on his person.

### B.   The Plea Agreement and Plea

By plea agreement dated December 1, 2006, the defendant entered guilty pleas to all counts in the Indictment in which he was named: Counts 1, 2, 5, and 7. The defendant entered admissions to the forfeiture contained in Counts 8 and 9. The United States agreed to recommend a full three-level downward adjustment for acceptance of responsibility and, pursuant to Fed. R. Crim. P. 11(a)(2), the defendant reserved the right to appeal the denial of his motion to suppress and his request for a <u>Franks</u> hearing. There were no other agreements between the parties.

## II.    GUIDELINE APPLICATIONS

### A.    <u>Base Offense Level</u>

The USPO has found that, pursuant to U.S.S.G. § 2D1.1(c)(6), the defendant's base offense level is 28. This calculation has not been objected to by the parties.

### B.    <u>Acceptance of Responsibility</u>

In line with the plea agreement, the government recommends a three level decrease in the defendant's base offense level. The defendant's total adjusted offense level is therefore 25. The USPO calculated that the defendant's criminal history category is III. Accordingly, his advisory guideline range for the drug offense is 70 to 87 months. Adding in the mandatory minimum five-year

consecutive sentence for the 18 U.S.C. § 924(c) conviction, his guideline range is 130 to 148 months.

### III.    APPLICATION OF 18 U.S.C. § 3553(a)

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence within the guideline range.  First, the nature of the offense is extremely serious, given the number of non-sporting firearms found in the defendant's home, amidst drugs, paraphernalia, and money.  More troubling is that, as the pre-sentence report reveals, the defendant's lifestyle appears to be a choice that was neither motivated by drug addiction nor poverty.  It appears the defendant had a supportive mother who furnished him with a place to live free of charge.  He repaid her by turning the house into a drug and weapons den.

Even more disturbing is the fact that the defendant's five-year old son was subjected to the defendant's "gangster" lifestyle.  Inside the house, investigators found camera film, which they developed.  Copies of the pictures that were developed are attached hereto as Exhibit A.  Some of the photos appear to be taken in the defendant's home.  The first photograph shows the defendant wearing body armor and holding two semi-automatic rifles.  The next few photograph show an associate of the defendant with a young child who is believed to be the defendant's son.  The associate is also wearing body armor and holding a shotgun while the

child stands next to him holding his own "toy" firearm.  The child appears to mimic the defendant's associate with the firearms.  A part from the obvious danger of having assault weapons around a child, the fact that the defendant would allow this child to participate in such conduct and take pictures of it is nothing short of despicable.  Other photos appear to be taken in another location, and contain different associates of the defendant, all with firearms.

The defendant's criminal record confirms his dangerous obsession with firearms.  See PSR, ¶¶ 89, 101.  It is clear from this case, the defendant's history, and the photographs attached in Exhibit A that the public needs to be protected from the defendant, as well as his associates.  Indeed, one of the defendant's associates who appears in one of the photographs was recently convicted of Murder in the Second Degree in Anchorage.  It does not appear that the guns that these men were displaying were "for show", but rather a part of a pattern of violence and drug trafficking.  The defendant appears to have already embroiled his co-defendant, Juanita Harris, in his illegal activities, and he appeared to be on the road to embroiling his young child in a similar fashion when he was arrested.

## V.   CONCLUSION

The United States agrees with the USPO that a middle range guideline sentence of 138 months in prison, followed by five years of supervised release, is appropriate. $400 in special assessments is mandatory.

RESPECTFULLY SUBMITTED this  15th  day of February, 2007 in Anchorage, Alaska.

                                            NELSON P. COHEN
                                            United States Attorney

                                            s/ Frank V. Russo
                                            Assistant U.S. Attorney
                                            Federal Building & U.S. Courthouse
                                            222 West Seventh Avenue, #9, Room 253
                                            Anchorage, Alaska  99513-7567
                                            (907) 271-5071
                                            (907) 271-1500 (fax)
                                            Frank.Russo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2007
a copy of the foregoing  was served
electronically on:

**Herbert A. Viergutz**

s/ Frank Russo