Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>GERALD HAN DREW,<br><br>    Defendant. | Case No. 3:06-cr-0061-RRB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

**I. ORIGINAL SENTENCE**

  Gerald H. Drew, 25 years old at the time of his sentencing, pleaded guilty to violations of 21 U.S.C. § 846 and § 841(a)(1), (b)(1)(B), and (b)(1)(C), and § 924(c)(1)(A)(I). All were drug related felonies:  Conspiracy, Distribution of Cocaine Base, Possession of Controlled Substances with Intent to Distribute, and Possession of Firearms in Furtherance of Drug Trafficking.

  On February 13, 2007, this court sentenced Mr. Drew to a total sentence of 130 months in prison.  This sentence included a 70-month composite sentence for the drug crimes and also the 60-month mandatory consecutive sentence for the 924(c) conviction.  Although this was a

post-*Booker*[1] sentence, the court imposed a 'guideline sentence,' not a below-guideline sentence. Mr. Drew received the low end of the pertinent guideline range from a 25 total offense level and a criminal history category of III.

Mr. Drew is incarcerated in Rochester, Minnesota, and has a present release date of January 1, 2016.

**II.    CHANGES IN THE LAW**

At the time of sentencing, the guideline calculation was higher. It did not encompass the two-level reduction in the offense level since permitted when the offenses involved crack cocaine. *See* U.S.S.G. § 2D1.1, Commentary Application Note 10,(D) (U.S.S.G. Supplement, May 1, 2008). His base offense level was 28, with a three level downward adjustment for acceptance of responsibility; thus the total offense level was 25.

Now, in the aftermath of the crack amendment to the Sentencing Guidelines, the base level would be level 26. His total offense level would be 23 and the guideline range would be 57-71 months.

**III.   AUTHORIZATION FOR MODIFICATION**

This court has jurisdiction to modify Mr. Drew's sentence now under the plain language of 18 U.S.C. § 3582(c), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

       section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. Drew was sentenced in February 2007 based on a guideline range that was lowered by the Sentencing Commission in November 2007. A reduction now is consistent with the policy statements recently issued by the Commission. The Sentencing Commission has determined that ameliorating the disparity between crack and powder cocaine should be made retroactive. *See also Kimbrough v. United States*, 128 S. Ct. 558, 570-71 (2007), and *Gall v. United States*, 128 S. Ct. 586, 594 (2007).

       The advisory nature of the guidelines applies to all aspects of the sentencing process, including an initial sentencing, appellate review of a sentence, and re-sentencing upon remand. *See Clark v. Martinez*, 543 U.S. 371, 378 (2005).

## IV. REQUEST FOR HEARING AND RE-SENTENCING

       Recalculation of the relevant sentencing guideline for his drug offenses would place Mr. Drew in the sentencing range of 57-70 months, rather than 70-87 months. Since the court originally considered Mr. Drew worthy of the low end of the guidelines (70 months), his drug sentence now should be no greater than 57 months, also at the low end of the guidelines. This would reduce his sentence by 13 months. The mandatory consecutive 60-month sentence is not affected by the guideline changes.

       The court at re-sentencing will consider the factors set forth in 18 U.S.C. § 3553(a). These factors also support a reduction in the drug sentence. Mr. Drew has applied himself in prison, taken courses, and succeeded in obtaining his GED and a commercial driving license. As the

certificates attached to the motion attest (Exhibit A), Mr. Drew has completed also courses in: Life Skills, Business Startup, African American History I and II, Swahili, and Ceramics.

      Mr. Drew has sufficiently demonstrated that he has been rehabilitated, and that the public safety will be served by a slightly lower sentence than the appropriately reduced guideline range. The total sentence of 117 months is, under 18 U.S.C. § 3553(a), certainly "sufficient" for the statutory objectives, and arguably "greater than necessary" for the purposes of 18 U.S.C. § 3553(a).

      DATED this 30th day of July, 2008.

      Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on July 30, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Frank V. Russo, Esq.
James N. Barkeley, Esq.

/s/ Mary C. Geddes